UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL DAVIS,<br><br>             Plaintiff,<br><br>    v.<br><br>J. PENA, et al.,<br><br>             Defendants. | Case No. 1:22-cv-00114-DAD-BAK (SAB) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER, FAILURE TO COMPLY WITH LOCAL RULES, AND FAILURE TO PROSECUTE<br><br>(Doc. No. 11)<br><br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Cornell Davis is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on January 27, 2022, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

### I.   PROCEDURAL HISTORY

On February 2, 2022, the assigned magistrate judge entered findings and recommendations for the Court to deny Plaintiff's motion to proceed *in forma pauperis* and order Plaintiff to pay the $402 filing fee in order to proceed with this action. (ECF No. 9.) The magistrate judge found that the activity in Plaintiff's inmate trust account from August 1, 2021, to January 26, 2022, reflected that Plaintiff had an available credit of $764.60 in his account at

Kern Valley State Prison. Plaintiff's trust account also carried a balance in excess of $2,000.00 in the prior three months. The activity in Plaintiff's account reflected that he had the resources to pay the $402.00 filing fee for this action.

Plaintiff filed a motion for recommendations to grant his motion to proceed *in forma pauperis*. (ECF No. 10.) Plaintiff stated that the money in excess of $2,000.00 was necessary to show his fitness as a parent in a dispute over custody of his daughter. (*Id.*)

The Court construed this motion as objections to the findings and recommendations. (*See* ECF No. 11.) After conducting a *de novo* review of the case, the Court concluded that, notwithstanding Plaintiff's intentions for the funds, Plaintiff's trust account reflected that he is not indigent and had the ability to pay the $402.00 filing and administrative fees. Accordingly, the Court adopted the findings and recommendations issued on February 2, 2022, and denied Plaintiff's application to proceed *in forma pauperis*. (*Id.*) The Court ordered Plaintiff to pay $402.00 within forty-five days to proceed with this action and cautioned that "[f]ailure to pay the filing fee within the allotted time will result in dismissal of this action." (*Id.*) The Order was served on Plaintiff on March 7, 2022.

More than forty-five days have passed, and Plaintiff has failed to comply with this Order and prosecute this case by paying the $402.00 filing fee.[1]

## II. DISCUSSION

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*,

---

[1] Consistent with 28 U.S.C. § 1914, Local Rule 121(c) provides: "Except as required by law, or as otherwise directed by the Court, the Clerk shall not file any paper, issue any process, or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is prepaid."

2

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Under Local Rule 183, a *pro se* Plaintiff is bound by the Federal Rules of Civil Procedure, the Local Rules, and all other applicable laws. L.R. 183(a). The Local Rules apply to p*ro se* parties and are held to the obligations placed on counsel. (*Id.*) "Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." (*Id.*)

Here, the Court gave Plaintiff a clear warning that "[f]ailure to pay the filing fee within the allotted time will result in dismissal of this action." (ECF No. 11.) Despite this warning, Plaintiff has failed to comply with the Court's order requiring Plaintiff to pay the $402.00 filing fee within forty-five days. By failing to follow the Court's order, Plaintiff also failed to comply with the Local Rules. Moreover, the failure of Plaintiff to pay the filing fee to advance this case warrants dismissal for failure to prosecute.

### III.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order, failure to comply with the Local Rules, and failure to prosecute; and

2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the

3

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2022**

UNITED STATES MAGISTRATE JUDGE